# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETTY SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0173-CVE-FHM |
| ) | |
| BOKF, NATIONAL ASSOCIATION, ) | |
| f/k/a Bank of Oklahoma, N.A. ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is BOKF, NA's Combined Motion to Dismiss and Brief in Support (Dkt. # 14). Defendant BOKF, National Association (BOKF) argues that extended overdraft fees are not "interest" as that term is defined in the National Bank Act, 12 U.S.C. § 1 et seq. (NBA), and BOKF asks the Court to dismiss plaintiff's claim under the NBA. Plaintiff responds that BOKF extends credit to its banking customers by covering an overdraft and the extended overdraft fees are actually interest charges, and the rate of interest charged by BOKF is excessive under federal and state law.

## I.

Betty Shaw alleges that she maintains a checking account with BOKF, and the account is governed by a Depository Agreement for Transaction Accounts (the Agreement). Dkt. # 2, at 10. Plaintiff has attached a copy of the Agreement to her complaint, and the Agreement provides in relevant part:

> If an item is drawn on your Account and there are insufficient funds in your Account to pay the item we may, in our discretion (1) refuse to pay the item, without giving you prior notice, and charge a Returned Item Fee at the rate set in the Summary of Fees brochure, as amended from time to time, or (2) elect to pay the item, in which

> case we will charge the Overdraft Fee at the rate set in the Summary of Fees brochure and deduct the amount of the overdraft and the Overdraft Fee from the next deposit. A copy of the Summary of Fees brochure may be found on the bank's website or at your branch location. The fact that we may, from time to time, pay an item that would overdraw the Account, does not obligate us to pay any such items.
>
> If multiple items have been presented against the Account and there are insufficient funds to pay all the items presented, we will charge a fee (Overdraft Fee or Returned Item Fee) with respect to each item paid or returned. If your balance continues to remain overdrawn more than five business days, you will be subject to an Extended Overdraft Fee in the amount set in the Summary of Fees brochure.

Dkt. # 2-1, at 7. On June 21 and 26, 2015, Shaw was charged initial overdraft fees of $35 when BOKF elected to pay items for which Shaw lacked sufficient funds, and she was charged two additional overdraft fees of $35 on June 27, 2015. Dkt. # 2, at 10. Shaw alleges that her balance remained negative for a total of 19 days and, in addition to the initial overdraft fees, she was charged an extended overdraft fee of $6.50 per day for 14 days. She estimates that her account was overdrawn by no more than $108. Id.

Shaw filed this putative class action on behalf of herself and other similarly situated individuals, alleging that the extended overdraft fees charged by BOKF should be treated as interest and that the rate of interest is excessive under the NBA. Shaw does not challenge the validity of the initial overdraft fee. Id. at 8. Shaw seeks actual damages and prejudgment interest. She also asks the Court to certify a class action of all BOKF customers in the United States who have incurred extended overdraft fees within the applicable statute of limitations.[1] Id. at 4.

---

[1] The Court will not consider plaintiff's class allegations in this Opinion and Order, and the issue raised in defendant's motion to dismiss is purely a matter of law as to whether the named plaintiff has stated a claim upon which relief can be granted.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that extended overdraft fees are not treated as interest under the NBA, because plaintiff had a deposit account, not a line of credit, and she was not charged interest.

3

Instead, plaintiff incurred pre-determined flat fees for failing to remedy the status of her checking account as overdrawn, and defendant's decision to cover an overdraft did not convert plaintiff's deposit account into a line of credit. Plaintiff responds that BOKF effectively extended credit to plaintiff by covering her overdraft and the extended overdraft fee is similar to an interest charge for failing to timely make a payment on a debt. Plaintiff argues that this reasoning is supported by banking regulations that treat "an advance by means of an overdraft" as an extension of credit by a bank. Dkt. # 19, at 12.

Defendant cites many cases in which courts have found that overdraft fees are not interest charges under the NBA. See Soto v. Bank of Lancaster County, 2011 WL 1050213 (E.D. Pa. Mar. 23, 2011); Cargile v. JP Morgan Chase & Co., 2010 WL 5491200 (E.D. Mich. Nov. 23, 2010); Video Trax, Inc. v. Nationsbank, N.A., 33 F. Supp. 2d 1041 (S.D. Fla. 1998). Defendant has also identified one decision dealing directly with extended overdraft fees, and extended overdraft fees charged by Bank of America, N.A. (Bank of America) were not found to be interest charges. McGee v. Bank of America, N.A., 2015 WL 4594582 (S.D. Fla. July 30, 2015). The NBA does not expressly define "interest," but it is commonly "understood to include any compensation allowed by law or fixed by the parties for the use or forbearance of money, or the price which is fixed for the use of money. Video Trax, Inc., 33 F. Supp.2d at 1050-51. Federal regulations do provide a definition of interest that is applicable to 12 U.S.C. § 85 of the NBA:

> The term "interest" as used in 12 U.S.C. § 85 includes any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which the credit was extended. It includes, among other things, the following fees connected with credit extension or availability: numeric periodic rates, late fees, creditor imposed not sufficient funds (NSF) fees charged when a borrower tenders payment on a debt with a check drawn on insufficient funds, overlimit fees, annual fees, cash advance fees, and membership fees. It does not ordinarily include appraisal fees,

4

premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit, finders' fees, fees for document preparation or notarization, or fees incurred to obtain credit reports.

12 C.F.R. § 7.4001(a). This definition includes insufficient fund fees charged by a creditor when a borrower attempts to pay by check without sufficient funds to cover the check, but it does not expressly include overdraft fees charged to a deposit account holder for overdrafting his or her account. A national bank may charge its customers with deposit accounts "non-interest charges and fees." 12 C.F.R. § 7.4002. Section 7.4002 incorporates the definition of "interest" from § 7.4001(a) to distinguish between "interest" and "non-interest" charges, and charges and fees that constitute "interest" are expressly governed by § 7.4001. 12 C.F.R. § 7.4002(c). The Office of the Comptroller of the Currency (OCC) has issued an interpretative letter stating that overdraft fees are permitted under § 7.4002, and the letter expressly referred to overdraft fees as "non-interest charges." Interpretative Letter No. 1082, 2007 WL 5393636 (May 17, 2007).

The parties have identified one case concerning the precise issue before the Court, which is whether extended overdraft fees are interest under the NBA. In McGee, the plaintiffs alleged that extended overdraft charges imposed by Bank of America were "interest" under the NBA, because Bank of America extended credit to the plaintiffs by electing to cover the overdrafts on their checking accounts and the daily extended overdraft fee constituted excessive interest in relation to the amounts borrowed by the plaintiffs. McGee, 2015 WL 4594582 at *1. The McGee court found no prior decisions on issue of "extended" overdraft fees, but it relied on the reasoning of Video Trax to support its conclusion that extended overdraft fees were not interest charges. Id. at *2-3. The court stated that the "charges at issue are flat fees contingent upon a customer's failure to remedy an overdrawn account, rather than payment for the use of money, and are not 'interest' within the

5

ordinary meaning of the word.'" Id. at *3. In addition, the extended overdraft charges were incurred as part of maintaining a deposit account, not a credit transaction, and the extended overdraft charges could not be considered interest under the NBA. Id. The court rejected the plaintiffs' argument that covering an overdraft was an extension of credit and found that extended overdraft charges were non-interest charges under § 7.4002, rather than "interest" under § 7.4001. Id. at *3-4.

Plaintiff cites 12 C.F.R. § 215, also known as Regulation O, and she argues that the definition of "extension of credit" includes "an advance by means of an overdraft . . . ." Dkt. # 19, at 12. In 12 C.F.R. § 215.3, the term "extension of credit" is defined to include an "advance by means of an overdraft . . . ." Defendant responds that Regulation O is entirely inapplicable to the ordinary bank customer with a deposit account, because Regulation O was intended to prevent "banking abuses by bank insiders." Dkt. # 20. This understanding of Regulation O is confirmed by 12 C.F.R. § 215.1, which states that the "purpose and scope" of Regulation O is to govern "any extension of credit made by a member bank to an executive officer, director, or principal shareholder of the member bank . . ." or "any extension of credit made by a member bank to a company controlled by such a person . . . ." Regulation O does not apply to a transaction between a bank and an ordinary customer with a deposit account, and the Court does not find that the definition of "extension of credit" stated in Regulation O is applicable to this case.

The Court finds that the reasoning stated in McGee and prior cases concerning initial overdraft charges is persuasive, and the charges at issue in this case are properly treated as "non-interest charges" under the NBA. Plaintiff did not borrow money or obtain a line of credit from defendant. Instead, she maintained a checking account with BOKF and overdrafted her account, and BOKF provided the service of covering plaintiff's overdrafts. She was not charged an interest rate

6

for the use of money, but she was charged fees for causing her account to become overdrafted and for failing to remedy to status of her account as overdrafted within five business days. BOKF charged plaintiff a flat fee for a service and not an interest rate for overdrafting her checking account. The arguments advanced by plaintiff have been consistently rejected by federal district courts, and this Court does not find plaintiff's arguments any more persuasive because they are advanced in connection to extended overdraft fees, as opposed to initial overdraft fees. The Court finds that defendant's motion to dismiss should be granted, and plaintiff's case should be dismissed.

**IT IS THEREFORE ORDERED** that BOKF, NA's Combined Motion to Dismiss and Brief in Support (Dkt. # 14) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 19th day of October, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE